1  MEGHAN BLANCO (238171)
   LAW OFFICES OF MEGHAN BLANCO
2       28202 Cabot Road, Suite 300
        Laguna Niguel, California 92677
3       Telephone:   (949) 296-9869
        Facsimile:   (949) 606-8988
4       E-mail:   mblanco@meghanblanco.com

5  Attorney for MOUSTAPHA MOUSTAPHA

6

7               UNITED STATES DISTRICT COURT

8         FOR THE CENTRAL DISTRICT OF CALIFORNIA

9  UNITED STATES OF AMERICA,        No. CR 24-CR-168-MSC

10         Plaintiff,               DEFENDANT MOUSTAPHA
                                    MOUSTAPHA'S NOTICE OF THE
11            v.                    GOVERNMENT'S WEEKEND
                                    DISCLOSURE OF ITS INTENT TO
12  MOUSTAPHA MOUSTAPHA,            CALL A CI AS A WITNESS AT
                                    TRIAL
13         Defendant.

14

15

16

17       Mr. Moustapha, by and through his counsel of record,

18  hereby notices the Court of the following:  minutes ago,

19  during a 2:00 p.m. conference call between defense counsel

20  and AUSAs Scott and Lachman, the government disclosed, for

21  the first time, its intent to call a CI as a trial witness

22  in its case-in-chief.  It did not disclose the CI's

23  identity.

24       The government filed a witness list on August 8, 2024

25  (ECF 24) that did not disclose its intent to call a CI as

26  a witness.  Failure to include the CI on the filed witness

27                              1

28

list cannot be attributed to legitimate security concerns, as the government knows that in cases where the government plans to call a CI as a witness, it will publicly file either (1) a redacted witness list or (2) an unredacted witness list that refers to the CI by a naming convention that conceals the CI's identity from the public (e.g., CW-1).

To date, Mr. Moustapha has received no CI discovery whatsoever. The government has not even sought a protective order that would allow it to disclose pertinent information derived from the CI. As a result, it has not disclosed crucial information necessary to cross examine the CI or assess the viability of potential trial defenses, including critical pieces of information like: (1) the extent to which the CI was utilized in the government's investigation; (2) benefits provided to the CI; (3) promises made to the CI; (4) the CI's prior relationship with Mr. Moustapha and/or case agents; (5) prior convictions or acts of moral turpitude by the CI; (4) prior acts of dishonesty by the CI; (5) a forensic copy of the device(s) that the CI allegedly used to conduct unmonitored, case-related activities for the government; (6) toll records or other records that would corroborate information the CI provided to the government during unmonitored cooperation (those interviews have not been produced); (7) case related interviews of the CI; (8)

2

any ongoing or uncharged criminal activity by the CI; (9) the CI's involvement in the charged conduct and whether that involvement predated his cooperation with the government; (10) Jencks material, including written communications with case agents (which the government indicated it has); and (11) CI-related *Brady* information, including prior times the CI was terminated from CI programs.

The Court's standing order required the government to provide critical, case-related CI information within two (2) weeks of Mr. Moustapha's PIA.  It did not.  Nor did it seek a protective order that would have allowed it to disclose CI information in its possession or seek permission from the Court to withhold CI information until a later date.


                                    Respectfully Submitted,

Dated: August 10, 2024


                              ___*//s// Meghan Blanco*_____
                              MEGHAN BLANCO
                              Attorney for
                              MOUSTAPHA MOUSTAPHA

3